UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THEODORE KAFKAS,

                Plaintiff,

v.                                                                                   Case No. 22-cv-0094-bhl

GINA RAIMONDO,

                Defendant.

## ORDER DENYING MOTION TO DISMISS

Brevity may be the soul of wit, but the Federal Rules of Civil Procedure do not condition a plaintiff's ability to proceed on displaying such wit in the complaint. Indeed, Rule 8 encourages concise pleading, but it does not mandate dismissal for verbosity so long as the filing is intelligible. What matters is giving understandable notice to one's adversary. In this case, Defendant United States Secretary of Commerce Gina Raimondo seeks to dismiss Plaintiff Theodore Kafkas' complaint, primarily for excessive length. The complaint provides far more detail than necessary for "a short and plain statement" of Plaintiff's claim, but the extra fat is not fatal; the claims are clear, even if the facts go above and beyond. Accordingly, the motion will be denied.

## LEGAL STANDARD

"[U]ndue length alone ordinarily does not justify the dismissal of an otherwise valid complaint." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). The purpose of Fed. R. Civ. P. 8, after all, is not to impose a strict word count on pleadings, but "to give defendants fair notice of the claims against them and the grounds supporting the claims." *Id.* (citations omitted). But while "[f]at in a complaint can be ignored," *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998), excessive length can "make a complaint unintelligible[] by scattering and concealing in a morass of irrelevancies the few allegations that matter." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Therefore, courts must distinguish a longwinded but clear complaint (which complies with Rule 8) from an unintelligible slog (which does not). *See Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001).

# ANALYSIS

Defendant's motion seeks to dismiss Plaintiff's "sprawling, 55-page, 287-paragraph complaint." (ECF No. 4 at 1.) It claims that "the length of the complaint has deprived the defendant and the Court of reasonable notice as to the facts [Plaintiff] asserts constitutes the alleged wrongful conduct." (*Id.* at 2.) It decries Plaintiff's "scatter-gun approach." (*Id.* (citation omitted).) But these conclusory allegations do not render the complaint unintelligible. *See Blue Cross Blue Shield of Massachusetts, Inc. v. BCS Ins. Co.*, 671 F.3d 635, 637 (7th Cir. 2011) ("Abraham Lincoln once was asked how many legs a donkey has if you call its tail a leg. His answer was four: calling a tail a leg does not make it one." (citation omitted)). This Court rejects Defendant's invitation to call a tail a leg.

Page 38 of Plaintiff's complaint clearly lists the five counts alleged: retaliation under the Rehabilitation Act, failure to provide reasonable accommodations under the Rehabilitation Act, interference under the Americans with Disabilities Act, discrimination under the Rehabilitation Act, and harassment under the Americans with Disabilities Act. (ECF No. 1 at 38.) Each count refers back to factual allegations in the complaint that purport to establish the necessary elements of Plaintiff's claims. (*Id.* at 38-54.) True, some of those factual allegations are, as Defendant notes, "verbatim restatements of various communications between plaintiff and his supervisors." (ECF No. 4 at 2; *see, e.g.*, ECF No. 1. at 11.) But while Plaintiff was not required to transcribe every relevant email and text, his having done so is no reason for dismissal. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1086-87 (7th Cir. 2008). If anything, the additional, unnecessary detail is to Defendant's benefit. More than just a preview of the play, she got access to the entire First Act. And although 55 pages is not the leanest possible complaint, it is far from obviously excessive. *See Garst*, 328 F.3d at 379 (155-page complaint was excessive); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702-03 (3d Cir. 1996) (240-page complaint was excessive); *Michaelis v. Neb. State Bar Ass'n*, 717 F.2d 437, 439 (8th Cir. 1983) (98-page complaint). Under the circumstances, then, there is no reason to depart from the general rule favoring adjudication on the merits. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss, ECF No. 3, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to quash, ECF No. 8, is **DENIED** as moot.

Dated at Milwaukee, Wisconsin on April 14, 2022.

    s/ *Brett H. Ludwig*
    BRETT H. LUDWIG
    United States District Judge