UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THEODORE KAFKAS,

        Plaintiff,

v.                                          Case No. 22-cv-0094-bhl

GINA RAIMONDO,

        Defendant.

## ORDER DENYING DISCOVERY MOTIONS

Between April 24 and May 1, 2023, Plaintiff Theodore Kafkas filed a strange trio[1] of discovery-adjacent motions. (ECF Nos. 25, 27, & 30.) The first two are essentially motions in limine, seeking Court orders on evidence that is, at present, not even part of the record. The third asks to reopen discovery a month after it closed. Because the first two motions are moot and the third is untimely, all three will be denied.

### BACKGROUND

Theodore Kafkas briefly worked for the Department of Commerce in 2019. (ECF No. 1 ¶8.) On January 25, 2022, he filed this lawsuit, alleging that during his tenure, the Department denied him a reasonable accommodation for his foot and leg disabilities, discriminated against him on the basis of disability and age, and subjected him to harassment and retaliation. (*Id.* ¶¶222-287.)

On June 15, 2022, the Court issued a Scheduling Order, which, among other things, set deadlines for fact and expert discovery and the filing of dispositive motions. (ECF No. 21.) On January 31, 2023—the original fact discovery deadline—the parties filed a stipulation to extend discovery until March 31, 2023, which the Court promptly approved. (ECF Nos. 22 & 24.) The amended March 31, 2023 deadline passed in silence.

---

[1] Kafkas actually has a quartet of strange motions pending. Presumably through inadvertence, counsel filed his "Motion that Final Agency Decision ('FAD') Was Issued In Error" twice. (ECF Nos. 25 & 26). One of the filings included exhibits, ECF No. 25, while the other, ECF No. 26, did not. The Court will deny the second filing as redundant.

Then, between April 24 and May 1, 2023, Kafkas filed three discovery-related motions. (ECF Nos. 25, 27, & 30.) The first seeks to exclude from evidence the Census Bureau's erroneously issued Final Agency Decision (FAD) on Kafkas' Equal Employment Opportunity (EEO) complaint. (ECF No. 25.) Defendant is surprised that Kafkas filed this motion because it is unnecessary at this stage of the proceedings, and the parties have been collaborating on a stipulation that would preclude introduction of the FAD at trial anyway. (ECF No. 32 at 2-3.) But Defendant does not oppose the request for an order excluding the FAD. (*Id.* at 3.)

Kafkas' second motion seeks to make his deposition errata sheet part of his deposition transcript. (ECF No. 27.) Again, Defendant is puzzled by this filing. The errata sheet is currently part of the deposition transcript. (ECF No. 29 at 4.) There was initially some dispute over timeliness, but that is long settled. (*Id.* at 2.) Defendant notes that she reserves the right to substantively object to admission of the errata sheet pursuant to the "sham affidavit" rule, but otherwise does not oppose Kafkas' request (indeed, it represents the status quo). (*Id.* at 4.)

Kafkas' third motion seeks an extension of all discovery, if necessary to file a motion to compel discovery. (ECF No. 30.) Unlike the others, Defendant does oppose this motion, arguing that it is fatally late. (ECF No. 33.)

**ANALYSIS**

**I.     Kafkas' First Two Motions Are Moot.**

Kafkas' first two motions seek to exclude the Census Bureau's FAD from evidence at trial and incorporate a timely filed deposition errata sheet into a deposition. (ECF Nos. 25 & 27.) These read like motions in limine, though this case is not even past summary judgment yet. In light of that, and Defendant's professed lack of opposition, the motions are wholly unnecessary. As a result, both are denied as moot.

**II.    Kafkas' Third Motion is Untimely.**

Kafkas' third motion asks the Court to extend fact discovery to permit him to file a motion to compel. (ECF No. 30.) After a previously approved extension, all fact discovery in this case closed on March 31, 2023. (ECF No. 24.) Despite this, on April 5, 2023, Kafkas' attorney emailed Defense counsel and asked for an extension to resolve outstanding discovery issues. (ECF No. 30-4 at 1.) Defense counsel did not agree to this. (*Id.*) Kafkas' position appears to be that Defendant improperly refused to respond to certain discovery requests on the grounds that they were irrelevant or protected from disclosure by the confidentiality provisions of the Census Act.

(ECF No. 33 at 2.) The time to challenge these grounds for refusal was *before* fact discovery closed. *See Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 332 (N.D. Ill. 2005) ("[M]otions to compel filed after the close of discovery are almost always deemed untimely."). And the time to move for an extension of the fact discovery deadline was also prior to that deadline date. *See Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 463-64 (7th Cir. 2005). Kafkas' counsel did not raise the specter of outstanding discovery until over a month after the fact discovery deadline. Nor did he seek an extension within that month-long lapse. Under these circumstances, the pending motion is untimely. It will, therefore, be denied.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Kafkas' Motion to Exclude FAD, (ECF No. 25), and Motion for Discovery Errata Sheet to be Made Part of Deposition Transcript, (ECF No. 27), are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Kafkas' Motion for an Extension of Time for Discovery, (ECF No. 30), is **DENIED**.

**IT IS FURTHER ORDERED** that Kafkas' Motion for Order to Exclude FAD, (ECF No. 26), is **DENIED**.

Dated at Milwaukee, Wisconsin on May 10, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge